# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| RONNYS BATISTA FLORES, | ) |
| | ) |
| Plaintiff, | ) No. 3:24-CV-176 |
| v. | ) |
| | ) JUDGE _____ |
| UNITED PARCEL SERVICE, INC. | ) MAGISTRATE JUDGE _____ |
| and MALCOLM DILLON, | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## ANSWER OF DEFENDANT MALCOLM DILLON

Comes the Defendant, Malcolm Dillon (hereinafter "Defendant" or "Dillon"), through counsel, and answers the Plaintiff's Complaint as follows:

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are denied. UPS does not operate a "mailing distribution business." In addition, UPS is a corporation organized under the laws of Ohio with its principal place of business located at 55 Glenlake Parkway NE, Atlanta, Georgia 30328.

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that an accident occurred on January 30, 2023 in Knox County, Tennessee involving a vehicle operated by the Plaintiff and a UPS vehicle operated by this Defendant. The accident occurred when the Plaintiff blocked the travel lanes of Interstate 40 eastbound by stopping his vehicle in the travel lanes at night and failed to warn other motorists of his stopped vehicle. The Plaintiff was therefore both negligent and negligent *per se* in violating Tenn. Code Ann. § 55-8-158. Defendant therefore denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that an accident occurred on January 30, 2023 in Knox County, Tennessee involving a vehicle operated by the Plaintiff and a UPS vehicle operated by this Defendant. Defendant denies that he was operating a "freight truck," but admits that he was employed by UPS and was acting within the course and scope of his employment with UPS at the time of the accident. The accident occurred when the Plaintiff blocked the travel lanes of Interstate 40 eastbound by stopping his vehicle in the travel lanes at night and failed to warn other motorists of his stopped vehicle. The Plaintiff was therefore both negligent and negligent *per se* in violating Tenn. Code Ann. § 55-8-158. Defendant therefore denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged.

5. The allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are denied following the removal of this case to this Court from the Circuit Court for Knox County, Tennessee.

7. The allegations contained in Paragraph 7 of the Complaint are denied. Counsel for UPS is not, and never has been, authorized to accept service of process for UPS or Malcolm Dillon.

8. The allegations contained in Paragraph 8 of the Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Complaint are denied. The Plaintiff was not a "licensed driver" as alleged in Paragraph 9 of the Complaint as the Plaintiff did not have a valid driver's license at the time of the accident. The Plaintiff was therefore illegally operating his vehicle on Interstate 40 eastbound in violation of Tenn. Code Ann. § 55-50-301(a)(1). Further, the accident of January 30, 2023 occurred when the Plaintiff blocked the travel lanes of Interstate 40 eastbound by stopping his vehicle in the travel lanes at night and failed to warn other motorists of his stopped vehicle. The Plaintiff was therefore both negligent and negligent *per se* in violating Tenn. Code Ann. § 55-8-158. Defendant admits that the UPS vehicle operated by this Defendant struck the

Plaintiff's stopped vehicle, admits that he was employed by UPS, and admits that he was acting within the course and scope of his employment with UPS at the time of the accident. Defendant denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged. The Complaint also does not contain any "Exhibit A" as referenced in Paragraph 9 of the Complaint.

10. The allegations contained in Paragraph 10 of the Complaint are denied. The Plaintiff was not "safely and lawfully operating his vehicle and abiding by all laws" at the time of the accident. The Plaintiff did not have a valid driver's license at the time of the accident and was therefore illegally operating his vehicle on Interstate 40 eastbound in violation of Tenn. Code Ann. § 55-50-301(a)(1). Further, the accident of January 30, 2023 occurred when the Plaintiff blocked the travel lanes of Interstate 40 eastbound by stopping his vehicle in the travel lanes at night and failed to warn other motorists of his stopped vehicle. The Plaintiff was therefore both negligent and negligent *per se* in violating Tenn. Code Ann. § 55-8-158. Defendant therefore denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are denied. The allegations contained in Paragraph 12 of the Complaint further fail to state a claim upon which relief may be granted to the extent that the Plaintiff relies on Tenn. Code Ann. § 55-8-136 as the basis for negligence or negligence *per se*. Tenn. Code Ann. § 55-8-136 cannot form the basis for negligence or negligence *per se* because the statute neither requires nor prohibits any specific conduct outside of the exercise of reasonable care under the circumstances.

13. In response to the allegations contained in Paragraph 13 of the Complaint, Defendant is without sufficient information to form a belief as to any injuries or damages allegedly sustained by

the Plaintiff. Defendant denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged.

14. In response to the allegations contained in Paragraph 14 of the Complaint, Defendant is without sufficient information to form a belief as to any injuries or damages allegedly sustained by the Plaintiff. Defendant denies that any act or omission on the part of UPS or this Defendant caused or contributed to cause the accident and injuries alleged. The Complaint also does not contain any "Exhibit B" as referenced in Paragraph 14 of the Complaint. The provisions of Tenn. Code Ann. § 24-5-113 are therefore inapplicable to this case.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. Defendant denies that the Plaintiff is entitled to recovery in any form from this Defendant, including, but not limited to, Plaintiffs' prayer for relief.

17. This Defendant demands a jury to try any issues remaining and appropriate at the time of trial.

18. Any and all allegations of the Plaintiff's Complaint not expressly admitted, explained, or denied are here and now denied.

## SECOND DEFENSE

19. Contrary to the averments in the Plaintiff's sworn Verified Complaint, the Plaintiff was not a "licensed driver" nor was he "abiding by all laws" as the Plaintiff did not have a valid driver's license at the time of the accident. The Plaintiff was therefore illegally operating his vehicle on Interstate 40 eastbound in violation of Tenn. Code Ann. § 55-50-301(a)(1).

## THIRD DEFENSE

20. The Complaint fails to state a claim upon which relief may be granted to the extent that the Plaintiff relies on Tenn. Code Ann. § 55-8-136 as the basis for negligence or negligence *per se*. Tenn. Code Ann. § 55-8-136 cannot form the basis for negligence or negligence *per se* because the

statute neither requires nor prohibits any specific conduct outside of the exercise of reasonable care under the circumstances.

## FOURTH DEFENSE

21. Defendant pleads modified comparative fault as it currently exists in the State of Tennessee with regard to Plaintiff Ronnys Batista Flores. The acts and omissions of Mr. Flores are such that they, alone or combined, constitute fault which caused or contributed to cause the accident and the Plaintiff's alleged injuries. The accident of January 30, 2023 occurred when the Plaintiff blocked the travel lanes of Interstate 40 eastbound by stopping his vehicle in the travel lanes at night and failed to warn other motorists of his stopped vehicle. The Plaintiff was therefore both negligent and negligent *per se* in violating Tenn. Code Ann. § 55-8-158. Mr. Flores thus also failed to act as a reasonable person would under the circumstances then and there existing, failed to keep his vehicle under reasonable control, failed to remove his stopped vehicle from the travel lanes or warn other motorists of its presence blocking the roadway, and failed to obey the traffic laws of the State of Tennessee. These acts or omissions, alone or combined, constitute negligence and fault which caused or contributed to cause the accident and the Plaintiff's alleged injuries.

This Defendant may amend his Answer to include such other and further defenses as may become apparent through additional discovery and investigation as allowed by the Federal Rules of Civil Procedure. Wherefore, having fully answered the Plaintiff's Complaint, this Defendant seeks to be hence dismissed with its costs. Absent dismissal, the Defendant demands a jury to try any issues remaining and appropriate at the time of trial.

*Respectfully submitted*,

    */s/ David A. Chapman*
David A. Chapman, Esq. (BPR #26238)
LEWIS THOMASON, P.C.
900 South Gay Street, Suite 300
P.O. Box 2425
Knoxville, TN 37901
(865) 546-4646

Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 16th day of April, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    Aaron M. Kimsey, Esq.
    Law Office of Aaron M. Kimsey
    127 Joy Street
    Sevierville, TN 37862

    */s/ David A. Chapman*
David A. Chapman